IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR292-HEH |
| ) | |
| DONALD DELANDO OTEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Departing Upward from the Calculated Sentencing Guidelines)

THIS MATTER is before the Court for the sentencing of the defendant. On November 14, 2008, the defendant, Donald Delando Otey, pled guilty to one count of theft of government property in violation of 18 U.S.C. § 641. The Court referred this case to the United States Probation Office for the preparation of a pre-sentence report ("PSR"). On January 28, 2009, following review of the PSR, the Court issued a Notice of Contemplated Upward Departure or Variance. The parties submitted their positions on sentencing (Dk. No. 17, 18), and the Court held a sentencing hearing on February 20, 2009. For the reasons stated at the hearing and herein, the Court will depart upward from the calculated sentencing guidelines.

The Supreme Court's ruling in *United States v. Booker* made the United States Sentencing Guidelines "effectively advisory." 543 U.S. 220, 245 (2005). The United States Court of Appeals for the Fourth Circuit has promulgated a specific, multi-step framework for imposing sentences post-*Booker*. *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006); *see also United States v. Dalton*, 477 F.3d 195, 198–200 (4th Cir. 2006).

The Court must first "correctly determine, after making appropriate findings of fact, the applicable guidelines range." *Moreland*, 437 F.3d at 432. Next, the Court considers whether a sentence within the advisory range appropriately "serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select[s] a sentence that does serve those factors." *Id.*; *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). In doing so, the Court "should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." *Moreland*, 437 F.3d at 432. If the appropriate grounds exist, the Court may depart. *Id.*

The first step in evaluating a motion for upward departure is to calculate the appropriate Guidelines range. *Id.* The defendant's guidelines were correctly computed with a total offense level of 4 and a criminal history category VI, based upon twenty-two criminal history points. This resulted in a guideline range of six to twelve months.

Based on the defendant's continuous history of larcenous conduct, a sentence within the range of six to twelve months would not adequately serve the factors set forth in 18 U.S.C. § 3553(a). Specifically, a sentence within this range would not adequately promote respect for the law, deterrence, or protection of the community. The defendant has served numerous sentences of confinement for larceny and is now before this Court having pled guilty to another theft. Previous sentences in this range have failed to promote any additional respect for the law. Moreover, they have not protected the community from future thefts. A sentence between six and twelve months is therefore not

adequate to serve these goals.

When a sentence within the initially calculated guidelines would not adequately serve the factors set forth in 18 U.S.C. § 3553(a), the Court must decide whether appropriate grounds for departure exist. The defendant has twenty-five prior theft convictions—eight of them felonies. The defendant did not receive any criminal history points for fifteen of his convictions. Even aside from those convictions, with twenty-two criminal history points, the defendant had nine more criminal history points than necessary to put him in criminal history category VI. Consequently, the defendant's criminal history category substantially underrepresents his prior criminal history. This is an encouraged ground for departure under the United States Sentencing Guidelines Manual. U.S.S.G. § 4A1.3(a)(1). This ground for departure has been widely accepted by reviewing courts. *See, e.g., U.S. v. Cash*, 983 F.2d 558, 560–61 (4th Cir. 1992). The defendant's record is clearly atypical of cases involving larceny and those cases contemplated by the Guidelines. It is indisputably outside the "heartland" of similar cases. *United States v. Rybicki*, 96 F.3d 754, 757–58 (4th Cir. 1996). Considering all these factors, appropriate grounds for departure exist.

The methodology to be applied by a sentencing court in structuring an upward departure is well settled in the Fourth Circuit. *See Dalton*, 477 F.3d at 199. The court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level . . . until it finds a guideline range appropriate to the case." *Id.*

(quoting U.S.S.G. § 4A1.3(a)(4)(B))(emphasis removed). This does not, however, require a "sentencing judge 'to move only one level, or to explain its rejection of each and every intervening level.'" *Id.* (citing *United States v. Little*, 61 F.3d 450, 454 (6th Cir. 1995)).

In assessing the appropriate punishment, the Court has incrementally reviewed the successive levels along the criminal offense axis of the Guidelines. Neither an offense level of 5 (nine to fifteen months) nor 6 (twelve to eighteen months) adequately reflects The defendant's criminal history points beyond the minimum required for level VI. Neither do those levels reflect the fifteen additional thefts for which the defendant received no criminal history points. The defendant has served nine sentences of twelve months or less, each to no avail. A sentence within either of these ranges would not adequately promote respect for the law or safety of the community. Sentences in this range have repeatedly failed to serve the factors set forth in 18 U.S.C. § 3553(a) and are therefore inadequate given the defendant's sustained history of criminal conduct.

Likewise, neither level 7 (fifteen to twenty-one months), 8 (eighteen to twenty-four months), nor 9 (twenty-one to twenty-seven months) adequately reflects the defendant's criminal history. The defendant was on a suspended sentence for grand larceny at the time of the current offense. The defendant has previously been sentenced seven times to periods of confinement of between two and six years, again without lasting impressions. Past sentences in this range have had no deterrent effect, have not promoted further

4

respect for the law, nor have they aided in protecting the community from additional thefts. The Court therefore concludes that a sentence in this range would not adequately serve the factors set forth in 18 U.S.C. § 3553(a).

In the final analysis, the Court is of the opinion that the appropriate offense level in this case is 10. With a criminal history category of VI, that calculates to a sentencing range of twenty-four to thirty months. A sentence within this range is adequate, but not longer than necessary, to achieve the objectives of 18 U.S.C. § 3553(a). Accordingly, the Court will depart upward from the calculated sentencing guidelines.

                                                    /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: March 3, 2009
Richmond, VA